COMMONWEALTH
*vs*
LUCK.

---

INDICTMENT.

Case .95.

*April* 27.

The statute of 1835, (*Ses. Acts*, 66,) giving power to the trustees of Hopkinsville to license tipling houses, is, as to all who obtain such license, a suspension of the general law and a protection.

## Commonwealth *vs* Luck.

ERROR TO THE CHRISTIAN CIRCUIT.

*Indictment.    Tipling houses.*

JUDGE MARSHALL delivered the Opinion of the Court.

IT seems to this Court that the imposition of a tax by public authority, and the payment thereof by the individual to whom it is applicable, implies a concession to him of the right to do, or use, or enjoy the thing for which the tax is imposed and paid; and is, therefore, virtually a license to that effect, which, of course, is inconsistent with the right of afterwards suppressing the thing or imposing a penalty for the doing, or using, or enjoying of it, during the period for which the tax was paid.    On this principle we are of opinion that the power conferred by the act of February 3, 1835, (*Session Acts*, 66,) upon the trustees of the town of Hopkinsville, to impose a tax not exceeding fifty dollars, upon the owner of each tipling house in said town, is in effect, a power to license tipling houses within that town; and that the imposition of the tax under this power, and the payment of it by the individual subject to it, operates as a license under the authority of the State, and therefore, *quo ad hoc*, repeals or suspends the pre-existing laws imposing penalties in behalf of the Commonwealth, for the keeping of a tipling house, and exempts the party from such penalties during the time for which the tax was imposed and paid; and further, as the object of the statute in conferring the power, was to bestow upon the trustees, at their option, a revenue, to be derived from an annual tax of $50 or less, upon tipling houses in said town, we are of opinion that, by exercising the power of imposing the tax, the

trustees acquired the right, under the statute, to receive and coerce the tax, which, upon the principle above stated, excludes the right of the State to enforce the penalty against the tipling house, which is the subject of the tax, so long as it is subject to the tax by the ordinance of the trustees, and under the authority of the statute. For the enforcing of the penalty by the State is inconsistent with the right of imposing and receiving the tax by the trustees, which implies protection of the thing taxed; and it is immaterial to the State whether the tax be payable in advance as for a license, or be charged and collectable as other taxes. The imposition of it, including the right of collection, excludes the statutory penalty.

It is essential then, in making out a defence on this ground, against an indictment for keeping a tipling house in the town of Hopkinsville, to show that the trustees had, under the power conferred by the statute, imposed a tax upon the owners or keepers of tipling houses, either in the form of the price of a license, to be paid for in advance, or as a tax collectable in the ordinary way; and that the defendant had obtained the license for a period covering the time when the indictment charges the offence to have been committed, or that he had paid, or was regularly subject to pay the tax for the same period.

The plea in this case, does not aver that the trustees had imposed the tax, or that the defendant had obtained a license for a period including the day charged in the indictment, or that the $50 which he alledges he paid as tax, &c. on the 30th of March, was the tax for a period including the 3d of May following, which is named in the indictment. The plea is, therefore, defective in this respect, and the Court erred in overruling the demurrer to it.

Wherefore, the judgment is reversed, and the cause remanded, with directions to sustain the demurrer to the defendant's plea, and for further proceedings in conformity with this opinion.

*Cates, Attorney General,* for Commonwealth.

COMMONWEALTH
*vs*
LUCK.

A plea relying on such license must show that it was duly obtained and covers the period when it is charged the offence was committed.